IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ART ASK AGENCY, <br><br>      Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, <br><br>      Defendants. | Case No. 23-cv-4652 <br><br> Judge Sharon Johnson Coleman |

**PRELIMINARY INJUNCTION ORDER**

THIS CAUSE being before the Court on ART ASK AGENCY's Motion for a Preliminary Injunction, and this Court having considered the evidence before it hereby GRANTS Plaintiff's Motion for Entry of a Preliminary Injunction in its entirety against the Defendants identified in Amended Schedule A attached hereto (the "Defendants").

THIS COURT HEREBY FINDS that it has personal jurisdiction over the Defendants since the Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products bearing infringing and/or counterfeit versions of Plaintiff's ANNE STOKES Copyrights (the "ANNE STOKES Products").

THIS COURT FURTHER FINDS that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in

1

support of Plaintiff's previously granted Motion for a Temporary Restraining Order establishes that Plaintiff has a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has proved a *prima facie* case of Copyright infringement because (1) Defendants are not licensed or authorized to use the ANNE STOKES Copyrights or make derivative works using ANNE STOKES' Copyrights and (2) Defendants' use of the ANNE STOKES Copyrights is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with ASK ART AGENCY.

Accordingly, this Court ORDERS that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with them be enjoined and restrained from:
    a. using Plaintiff's ANNE STOKES Copyrights or any confusingly similar reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine ANNE STOKES Product or is not authorized by Plaintiff to be sold in connection with Plaintiff's ANNE STOKES Copyrights;
    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine ANNE STOKES Product or other product produced by Plaintiff, that is not Plaintiff's or is not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's ANNE STOKES Copyrights;

    c.   committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d.   further infringing Plaintiff's ANNE STOKES Copyrights and damaging Plaintiff's goodwill;

    e.   shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear Plaintiff's ANNE STOKES Copyrights or any confusingly similar reproductions, counterfeit copies or colorable imitations thereof; and

    f.   using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts or any other online marketplace account that is being used to sell Counterfeit ANNE STOKES Products.

2. Those in privity with Defendants and with actual notice of this Order, including any online marketplaces such as iOffer, AliExpress.com ("AliExpress"), Alipay.com, Co., Ltd. ("Alipay"), social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Online Marketplace Accounts, and domain name registrars, shall within three (3) business days of receipt of this Order:

    a.   disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit and infringing goods using the

        ANNE STOKES Copyrights, including any accounts associated with the Defendants listed in Schedule A; and

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the ANNE STOKES Copyrights.

3. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

4. AliExpress and Alipay shall, within five (5) business days of receipt of this Order, for the Defendants or any of Defendants' Online Marketplace Accounts or websites:

    a. Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any AliExpress and Alipay accounts connected to the information listed in Amended Schedule A hereto; and

    b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

5. Plaintiff may provide notice of these proceedings to Defendants, including notice of any future hearings and service of process pursuant to Fed.R.Civ.P. 4(f)(3), by electronically publishing a link to the Amended Complaint, this Order and other relevant documents on a website and/or by sending an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Maria Strid and any e-mail addresses provided for Defendants by third parties that includes a link to said website. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants

receive from domain name registrars and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

6. Plaintiff's Amended Complaint [Dkt. No. 27], Amended Schedule A to the Pleading [Dkt. No. 28], Exhibit 2 to the Declaration of Maria Strid [Dkt. Nos. 11-18], and the TRO [Dkt. No. 34] are unsealed.

7. The $10,000 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

8. The Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to Plaintiff or on shorter notice as set by this Court.

Dated: January 17, 2024

_____
Honorable Sharon Johnson Coleman
U.S. District Court Judge

**AMENDED SCHEDULE A**

| No. | Defendant Name / Alias |
|---|---|
| 1 | An LI Store |
| 2 | costume 13 Store |
| 11 | 35 Clothing Store |
| 12 | 3D Fashion Clothing Store |
| 15 | Acacia Person Stylish Guy Store |
| 17 | All The Best Blessings Store |
| 19 | Black shop 868686 Store |
| 26 | Digital 1 Store |
| 27 | DK MENSWEAR DENG Store |
| 32 | Fashion Boy Store |
| 35 | FEGKZLI Clothing Customization Official Store |
| 40 | Gongzi E No Store |
| 44 | Hekou Children's Store |
| 47 | Inhuman Trade Store |
| 50 | JK-UniQue Store |